UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FUNGI PERFECTI LLC; and<br>TURTLE BEAR HOLDINGS LLC,<br><br>    Plaintiffs,<br><br>  v.<br><br>JT BEST DEALS LLC,<br><br>    Defendant. | C24-0638 TSZ<br><br>ORDER |

THIS MATTER comes before the Court on Plaintiffs Fungi Perfecti, LLC's and Turtle Bear Holdings, LLC's motion for entry of default judgment, docket no. 15. Having reviewed Plaintiffs' motion, the supporting documents, and the remainder of the record, the Court enters the following Order GRANTING Plaintiffs' motion for entry of default judgment.

**Discussion**

On June 14, 2024, the Clerk of Court entered default against Defendant JT Best Deals LLC for failure to timely plead or otherwise defend in this action. Order of Default (docket no. 14). Plaintiffs now request equitable relief from the Court in the form of a

ORDER - 1

permanent injunction preventing Defendant from selling infringing products using Plaintiffs' trademarks. Pls.' Mot. at 1 (docket no. 15).

Plaintiffs have alleged causes of action for trademark infringement in violation of 15 U.S.C. §§ 1114 and 1125(a)(1)(A), unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A), common law trademark infringement, and tortious interference with contract, Compl. at ¶¶ 142–193 (docket no. 1), and have properly established subject matter jurisdiction and venue in this Court, id. at ¶¶ 6–8. The Court also has personal jurisdiction over Defendant, a Washington limited liability company with its principal place of business in Kent, Washington. Id. at ¶ 3; see also In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) ("A judgment entered without personal jurisdiction over the parties is void."). Due to Defendant's default, the Court accepts as true the well-pleaded facts in Plaintiffs' complaint. See LHF Prods., Inc. v. Holmes, No. C16-551, 2018 WL 3742189, at *2 (W.D. Wash. Aug. 7, 2018) (citing TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917–18 (9th Cir. 1987)).

Here, Plaintiffs own valid trademarks. Compl. at ¶¶ 9–13 & 17–23. Defendant is creating a likelihood of confusion by selling non-genuine products bearing Plaintiffs' trademarks that: (1) are materially different from genuine products because they are not covered by Plaintiffs' satisfaction guarantee, a material benefit that customers expect to receive when purchasing Plaintiffs' products, see Wucherer Decl. at ¶ 7 (docket no. 16); Compl. at ¶¶ 86–88 & 118–22, and (2) are not subject to, do not abide by, and interfere with substantial quality controls that Plaintiffs exercise over all of their products sold through authorized channels, see Wucherer Decl. at ¶¶ 4–6; Compl. at ¶¶ 47–85 & 106–

ORDER - 2

17. The Court concludes that Plaintiffs are entitled to default judgment on their claim for trademark infringement under the Lanham Act and unfair competition under the Lanham Act and Washington common law. <u>Powerbrand Inc. v. Hefai Neniang Trading Co., Ltd.</u>, No. 2:22-cv-01413, 2023 WL 4201748, at *4 n.1 (W.D. Wash. June 27, 2023). The Court also concludes that Plaintiffs are entitled to default judgment on their claim for tortious interference with contract. Compl. at ¶¶ 124–33 & 178–92; <u>Nutramax Labs., Inc. v. JT Best Deals LLC</u>, No. 2:23-CV-1885, 2024 WL 2325198, at *3–4 (W.D. Wash. May 22, 2024).

Plaintiffs request a permanent injunction to prevent Defendant from further infringing Plaintiffs' trademarks and interfering with Plaintiffs' contracts with their Authorized Sellers. Pls.' Mot. at 6. The Lanham Act authorizes a court to issue an injunction "according to the principles of equity and upon such terms as the court may deem reasonable," 15 U.S.C. § 1116(a); <u>Reno Air Racing Ass'n., Inc. v. McCord</u>, 452 F.3d 1126, 1137–38 (9th Cir. 2006), and the Court concludes that Plaintiffs are entitled to an injunction prohibiting Defendant JT Best Deals LLC from further infringing Plaintiffs' trademarks and interfering with Plaintiffs' contracts with their Authorized Sellers.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) Plaintiffs' motion for default judgment, docket no. 15, is GRANTED.

(2) Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court will enter default judgment in this matter against Defendant on Plaintiffs' claims for trademark infringement in violation of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a) (Count I of

ORDER - 3

the complaint); unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A) (Count II); common law trademark infringement (Count III); and tortious interference with existing contracts and business relationships (Count IV).

(3) Plaintiff is entitled to default judgment granting a permanent injunction. The injunctive provisions of this Order apply to Defendant as well as Defendant's agents, owners, servants, employees, and all persons or entities in active concert or participation with Defendant (collectively, the "Enjoined Parties").

(4) Plaintiffs have valid and subsisting trademarks. These trademarks include, but are not limited to: HOST DEFENSE® (U.S. Trademark Reg. Nos. 2,506,839 and 5,630,909), STAMETS 7® (U.S. Trademark Reg. No. 3,063,334), MYCOMMUNITY® (U.S. Trademark Reg. No. 3,848,673), and FUNGI PERFECTI® (U.S. Trademark Reg. No. 1,930,649) (collectively, the "Fungi Perfecti Trademarks"). Plaintiffs sell dietary supplement products under the Fungi Perfect Trademarks ("Fungi Perfecti products").

(5) The Enjoined Parties are prohibited from:

    (a) Advertising or selling all Fungi Perfecti products or any products bearing the Fungi Perfecti Trademarks through any storefront on www.walmart.com ("Walmart"), www.amazon.com ("Amazon"), and www.ebay.com ("eBay"), including, but not limited to: (i) the online storefront on Walmart that is currently called "Best Deals International" and can be accessed at https://www.walmart.com/seller/101019891; (ii) the online storefront on Amazon that is currently called "JT BestDeals LLC", has an Amazon Merchant ID number of A173KQ46HSCUFNN, and can be accessed at

ORDER - 4

https://www.amazon.com//sp?seller=A173KQ46HSCUFN; (iii) the online storefront on eBay that is currently called "Best Deals 4 Less 12" and can be accessed at https://www.ebay.com/str/bestdeals4less12; (iv) the online storefront on eBay that is currently called "Direct Deals Group" and can be accessed at https://www.ebay.com/str/directdealsgroup; and (v) the private website located at https://goodszon.com/.

(b) Advertising or selling, through any medium (including all Internet and non-Internet channels), all Fungi Perfecti products or any products bearing the Fungi Perfecti Trademarks;

(c) Importing, exporting, manufacturing, producing, distributing, circulating, selling, offering to sell, advertising, promoting, or displaying any and all Fungi Perfecti products as well as any products bearing any of the Fungi Perfecti Trademarks; and

(d) Disposing of, destroying, altering, moving, removing, concealing, or tampering with any records related to any products sold by them which contain the Fungi Perfecti Trademarks including: invoices, correspondence with vendors and distributors, bank records, account books, financial statements, purchase contracts, sales receipts, and any other records that would reflect the source of the products that Defendants have sold bearing these trademarks.

(6) The Enjoined Parties must also destroy or return to Plaintiffs all Fungi Perfecti products or products bearing the Fungi Perfecti Trademarks that are in the Enjoined Parties' possession, custody, or control.

ORDER - 5

1    (7)    Pursuant to Rule 65(d)(2) of the Federal Rules of Civil Procedure, this Order is binding upon the following persons who receive actual notice of it: Defendant, Defendant's officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with Defendant or Defendant's officers, agents, servants, employees, and attorneys.

(8)    Plaintiffs' claims against John Does 1-10 are dismissed without prejudice.

(9)    Each party shall bear its own costs, expenses, and attorneys' fees.

(10)   The Clerk is directed to enter Judgment consistent with this Order, send a copy of the Judgment and this Order to all counsel of record, and to CLOSE this case.

IT IS SO ORDERED.

Dated this 1st day of August, 2024.

Thomas S. Zilly
United States District Judge

ORDER - 6